**ERIK S. SYVERSON (SBN 221933)**
erik@syversonlaw.com
**STEVEN T. GEBELIN (SBN 261507)**
steven@syversonlaw.com
**SYVERSON, LESOWITZ & GEBELIN LLP**
2029 Century Park East, Suite 2910
Los Angeles, California 90067
Telephone:  (310) 341-3072
Facsimile:    (310) 341-3070

Attorneys for PLAINTIFF
Optima Tax Relief, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISON

| | |
|---|---|
| Optima Tax Relief, LLC, a Delaware Limited Liability Company | CASE NO. 8:18-cv-806 |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **1. Trademark Infringement [15 U.S.C. § 1125(a)];** |
| OPTIMUM WEALTH MANAGEMENT, INC. d.b.a. OPTIMUM TAX LAW, a California Corporation; and DOES 1–10, inclusive | **2. Unfair Competition [Cal. Bus. Code § 17200, *et seq.*] and**
**3. False Advertising [Cal. Bus. Code § 17500, *et seq.*]** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff Optima Tax Relief, LLC ("Optima"), by and through its attorneys, and for a Complaint against the Defendants, states and alleges as follows:

## SUMMARY OF ACTION

1.      This is an action arising out of defendants' wrongful use of a misleading, confusing, and infringing imitation of Optima's well recognized name and federally registered mark.  For nearly seven years, Optima has provided tax resolution services to consumers, quickly becoming a market leader in the Tax Relief industry.  Over that span of time, Optima has spent considerable time and energy making sure that consumers associate its name with great service in the Tax Relief industry.  To this end, Optima has spent considerable sums advertising its business online and in traditional media, including well recognized radio advertising campaigns played throughout the Los Angeles media market, and across the United States.

2.      On information and belief in 2017, Optimum Wealth Management, Inc. ("Optimum Wealth") was incorporated in California and at some point began providing competing tax relief and resolution services (among other services it purports to provide) in competition with Optima.  On information and belief, Optimum Wealth also registered both the online domain optimumtaxlaw.com and the business alias "Optimum Tax Law" as a business alias in or about October 2017. Optimum Wealth subsequently used the optimumtaxlaw.com to specifically advertise tax relief support services, directly competing with Optima's services.

3.      Upon learning of Optimum Wealth's actions, Optima demanded that Optimum Wealth cease using its confusingly similar names and website to provide competing tax services.  Optimum Wealth refused and denied that the all but identical name was similar, precipitating this suit.

## PARTIES

4.      Plaintiff Optima Tax Relief, LLC ("Optima") is a Delaware Limited Liability Company with its principal place of business at 3100 South Harbor Boulevard, Suite 250, Santa Ana, California.

5.     Defendant Optimum Wealth Management Inc. ("Optimum Wealth") is a California corporation with its principal place of business at, on information and belief, 15233 Ventura Blvd. Suite 500, Sherman Oaks, California.  On information and belief, Optimum Wealth registered "Optimum Tax Law" as a Fictitious Business Name with the County of Los Angeles on or about October 19, 2017.

6.     Plaintiff does not know the true names or capacities, whether individual, associate, corporate or otherwise, of the defendants sued herein as DOES 1 through 10, inclusive, and Plaintiff therefore sue said defendants by such fictitious names. Plaintiff will amend this Complaint to state the true names and capacities of these defendants once Plaintiff discovers this information.   Plaintiff is informed and believes, and based thereon alleges, that each of the DOE Defendants sued herein by a fictitious name is in some way liable and responsible to Plaintiff on the facts herein alleged

7.     The Plaintiff is informed and believes and thereon allege that at all times relevant hereto, each of the defendants Optimum Wealth and DOES 1 though 10, inclusive (collectively "Defendants") was the agent, affiliate, officer, director, manager, principal, alter-ego, co-conspirator, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of the Plaintiff's rights and the damages to the Plaintiff proximately caused thereby.

## JURISDICTION AND VENUE

8.     This action arises under the United States Lanham Act, 15 U.S.C. §1051 *et seq*.  This Court has subject matter jurisdiction under the Lanham Act, 15 U.S.C. § 1121 and under 28 U.S.C. §§ 1331 and 1338(a).  Subject matter jurisdiction over

Optima's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

9.     This Court has personal jurisdiction over the Defendant as its principal place of business is in Los Angeles, California.  Furthermore, some of the infringing and unlawful conduct occurred in California.  These acts form a substantial part of the events or omissions giving rise to Plaintiff's claims.

10.     This district is the proper venue pursuant to 28 U.S.C. § 1391 because Plaintiff resides herein, a substantial part of the acts or omissions giving rise to Optima's claims occurred in this District, on information and belief, Defendants are subject to jurisdiction within the district and do business in this District.

## GENERAL ALLEGATIONS

### Optima's Business and Trade Marks

11.     Founded nearly a decade ago, Optima is one of the leading tax resolution firms in the nation.  Optima and its team of representatives, enrolled agents, tax attorneys, and other tax professionals have shared a single goal since Optima's inception - to help Americans nationwide deal with aggressive collection policies of the State and Federal tax agencies.  The vast experience of the knowledgeable, friendly, and experienced Tax Team at Optima works with Optima's clients to discuss and understand each individual case, analyze the results, and propose the best course of action to take away the burdens caused by tax problems, bring the client within compliance, and create solutions that work.

12.     In doing so, Optima puts great emphasis on its personal customer service and experienced professional staff to keep clients informed and empowered throughout the entire process.  Optima's passion and dedication to Customer Service is at the heart of its ten Core Values.

13.     Optima leverages its core competencies in Tax Negotiation & Settlement, Audit Defense, Tax Levies & Liens, Wage Garnishment, Back Taxes, and End Penalties & Interest in order to provide its clients with excellent service geared

to the resolution of the clients' tax problems. Optima's "Two Phase" Approach of Investigation and Resolution is designed to stop aggressive tactics by tax agencies, gather and file all of the necessary documentation for full compliance, build a case to support an optimal resolution strategy, and present the clients' case to the tax agency for the best attainable financial outcome. When clients with tax problems choose Optima, they get in-house tax professionals with years of experience that won't outsource the clients' problems to third parties, a 15 day money back satisfaction guarantee, a BBB accredited company, and the power of one of the leading tax resolution firms in the country.

14.    Since its inception, Optima has utilized the trademarks Optima, Optima Tax, and Optima Tax Relief, including its registered "Optima Tax Relief" mark U.S. Registration No. 4,391,736 and registered "Optima Tax Protection Plan" mark U.S. Registration No. 5,252,231, and pending registration "Optima" mark Serial No. 87444198 (collectively the "Optima Marks") to identify its services in the legal service industry, namely, tax liability negotiation and settlement, representation of clients in tax matters before tax authorities, tax and taxation planning, advice, information and consultancy services, and similar services related to Tax Resolution.



**US Registration No 4,391,736**



**U.S. Registration No. 5,252,231**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**US Serial No 87,444,198**

15.     Among its advertising methods, Optima uses its website, located at optimataxrelief.com (the "Optima Website"), as an integral part of its marketing and outreach to potential clients and its communication with current clients.  The Optima Website is used to provide clear information, helpful advice, a client communication portal, and a ready identification of the source of Optima's services.  Optima increases the reach of the Optima Website via both online advertising and traditional advertising channels that direct consumers to the Optima Website.



optimataxrelief.com

16.     Optima also uses television and radio advertisements to promote its tax relief services to consumers, inviting customers to reach out to Optima via telephone or the Optima Website.  Over the years, Optima has produced and aired dozens of

video and audio advertisements using the Optima Marks to identify its tax relief services, including play throughout the Los Angeles media market.

17.     Across the various channels of advertising, Optima has spent millions of dollars to connect the Optima Marks with Optima's high quality tax relief services.

18.     As a result of Optima's wide spread and continuous use, advertisement and promotion of its services utilizing the Optima Marks, the Optima Marks have become widely known and recognized as identifying Optima as the source of tax related services, including tax resolution and other tax help services.

19.     The Optima Marks have come to represent and symbolize the excellent reputation of Optima's services and Optima's valuable goodwill among members of the public throughout the United States.  Furthermore, the Optima Marks are all inherently distinctive, and have acquired a secondary meaning.

**Defendants' Infringement of Optima's Trade Marks**

20.     Despite its efforts connecting the Optima Marks with its services, Optima is aware that numerous consumers searching online for Optima will actually make queries using a derivative of Optima, such as "Optimum" (the singular form of Optima), rather than correctly typing in "Optima" as a search term.

21.     On information and belief, in April 2017 Optimum Wealth was incorporated in California.  At some point, Defendants began advertising competing tax relief and resolution services (among other services it advertises or purports to provide) in competition with Optima, including through the Optimum Wealth website optimumwealthmanagement.com



optimumwealthmanagement.com

22.    On information and belief, Defendants also registered both the online domain optimumtaxlaw.com and the business alias "Optimum Tax Law" for Optimum Wealth in or about October 2017.   Defendants then used the optimumtaxlaw.com to specifically advertise tax relief support services, which directly compete with Optima's services.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





**Call Now**
800-567-7164

Home   Why Us?   Tax News   **Services**   About Us   Contact   Español    



## 100% Free Consultation

Optimum Tax Law is a focused tax relief advocate firm that strives to protect you and your family from the devastating effects of looming tax debt. We specialize in settling tax debt, preventing and ending wage garnishments, eliminating bank levies and averting property seizures. We will fight to ensure your financial stability and help you enjoy life free from tax debt anxiety.

### Tough Negotiators

You wouldn't want to get in an argument with our lawyers. They're tenacious and they don't back down from anybody - especially the IRS. When the government tries to take your money... our lawyers take it personally.

We have helped thousands of people just like you overcome their tax debt: small and large. Sign up for a free consultation & get tax debt help today. Discover how Optimum can help place you on the road to relief. By simply filling out our contact form, you are taking the first step to changing your life and clearing your current debt. Optimum will be your partner in a tax debt-free lifestyle!

optimumtaxlaw.com

23.     Defendants further advertised tax relief services online using the confusingly similar "Optimum Tax Law" name in advertisements placed without the logo, but with reference to tax relief:



Defendants' Online Advertisement

24.     Among the confusing similarities:

a. Both "Optima Tax Law" and "Optimum Wealth Management" begin with the dominant word Optimum, the singular form of Optima;

b. Defendants' logos are visually similar to the Optima Marks, especially Optima's federally registered logos, specifically in that they emphasize "Optimum", use blue text, a similar serif font, and curvilinear graphics;

| Optima's Logo | Defendants' Infringing Logos |
|---|---|
| | |

c. Defendants' OptimumTaxLaw.com uses the emphasized phrase "Tax Relief Pros" immediately next to "Optimum Tax Law", mixing and matching portions of the Optima Marks in each phrase.

25. In 2017, following a notification from a concerned consumer, Optima became aware that Optimum Wealth was using the alias "Optimum Tax Law" to promote its tax relief and related services. Optima notified Defendants (via Optimum Wealth) of the infringement and the potential for consumer confusion and requested that Defendants cease using its confusingly similar names and marks in competition with Optima. Defendants (though Optimum Wealth) refused, necessitating this action.

26. Based on their refusal to abandon the use of marks which are confusingly similar to the Optima Marks such as "Optimum Tax Law", "Optimum Wealth Management" and/or Defendants' logos (collectively the "Infringing Marks"), and based on the fact that consumers regularly search for "Optimum" when attempting to contact Optima, Optima is informed and believes that Defendants selected the Infringing Marks to capitalize on the fame and renown of the Optima Marks and Optima's substantial advertising efforts supporting the Optima Marks.

## CLAIMS FOR RELIEF

## COUNT ONE—TRADEMARK INFRINGEMENT

### 15 U.S.C. § 1125(a)

27. Optima repeats and re-alleges each and every allegation above as if set forth fully herein.

28. Defendants' use of marks confusingly similar to the Optima Marks in interstate commerce (the "Infringing Marks"), as described above, constitutes trademark infringement in violation of 15 U.S.C. § 1125(a)

29.   Consumers are likely to be misled and deceived by Defendants' use of the Infringing Marks, including that such consumers are likely to be confused as to the source of good or to be confused into believing Defendants have some business relationship or affiliation with or endorsement from Optima.

30.   Defendants knew or should have known that their use of the Infringing Marks in their names, aliases, and advertisements was likely to confuse and mislead consumers as to the source of the services.   Indeed, as alleged above and on information and belief, Defendants were well aware that the complained of acts herein would result in consumers being confused.  It was that very confusion that Defendants hoped to and did, on information and belief, profit from.

31.   As a direct and proximate result of Defendants' wrongful acts as alleged herein, Optima has been substantially injured in its business resulting in lost revenues and profits, and diminished goodwill and reputation.   Additionally, Defendants obtained unlawful profits for themselves and/or others to the express detriment of Optima.   Optima is entitled to restitution of all monies improperly diverted from Optima.

32.   By reason of Defendants' acts set forth above, Optima has been severely injured in its business and property.  The injury to Optima is, and continues to be, immediate and irreparable.   An award of monetary damages alone cannot fully compensate Optima for its injuries and Optima lacks an adequate remedy at law.

33.   Unless enjoined by this Court, Defendants will continue to infringe Optima's trademark rights in violation of federal law.

34.   Plaintiff Optima is informed and believes, and on that basis alleges, that Defendants committed their mimicry and acts of infringement willfully and maliciously in that Defendants intended by their infringing conduct to gain business and a share of the Tax Relief customers in the marketplace at the expense of Optima's profits and market share.  The foregoing acts of infringement have been, and continue to be, deliberate, willful and wanton, making this an exceptional case within the

meaning of 15 U.S.C. § 1117. This entitles Optima to recover treble damages and reasonable attorneys' fees.

<strong>SECOND CLAIM FOR RELIEF</strong>

<strong>(For False Designation of Origin, 15 U.S.C. § 1125(a))</strong>

35.   Optima repeats and re-alleges each and every allegation above as if set forth fully herein.

36.   Defendants' actions described above constitute unfair competition, false designation of origin, false or misleading descriptions or representations of fact that falsely designate Defendants' products and/or services as originating from or connected with Plaintiff, and constitute the use of false descriptions or representations in interstate commerce under 15 U.S.C. § 1125(a)

37.   Consumers are likely to be misled, deceived and confused by Defendants' use of the Infringing Marks based on their confusing similarity to the Optima Marks.

38.   Defendants knew or should have known that their use of the Infringing Marks in their name, alias, and advertisements was likely to confuse and mislead consumers as to the source of the services.

39.   As a direct and proximate result of the foregoing acts, practices, and conduct of Defendants, Optima has been substantially injured in its business resulting in lost revenues and profits, and diminished goodwill and reputation.

40.   Additionally, Defendants have and will continue to unfairly acquire income, profits and goodwill from the unlawful activity outlined here.

41.   By reason of Defendants' acts set forth above, Optima has been severely injured in its business and property.  The injury to Optima is, and continues to be, immediate and irreparable.  An award of monetary damages alone cannot fully compensate Optima for its injuries and Optima lacks an adequate remedy at law.

42.   Unless enjoined by this Court, Defendants will continue to infringe Optima's trademark rights in violation of federal law.

43.     Plaintiff Optima is informed and believes, and on that basis alleges, that Defendants committed their mimicry and acts of infringement willfully and maliciously in that Defendants intended by their infringing conduct to gain business and a share of the Tax Relief customers in the marketplace at the expense of Optima's profits and market share.  The foregoing acts of infringement have been, and continue to be, deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117. This entitles Optima to recover treble damages and reasonable attorneys' fees.

### THIRD CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

44.     Optima repeats and re-alleges each and every allegation above as if set forth fully herein.

45.     Defendants have used marks which closely resemble and are substantially similar to the Optima Marks without Optima's consent.

46.     The use of marks which closely resemble and are substantially similar to the Optima Marks without Optima's consent is likely to confuse, mislead, and deceive Optima's and Defendants' customers and members of the public as to the origin of Defendants' services and products, or cause said persons to believe that Defendants and/or their products have been sponsored, approved, authorized, or licensed by Optima or in some way affiliated or connected with Optima when they are not. Defendants have thus passed off their services to consumers as those of Plaintiff's in violation of California common law.

47.     Defendants knew or should have known that their unlawful practices as set forth above were likely to confuse and mislead consumers as to the source of the services being offered.  Defendants knew that their actions would cause consumers to believe they were purchasing services from Optima even though said consumers were,

as a result of Defendants' unlawful conduct, purchasing services from Defendants instead.

48.     As a direct and proximate result of the foregoing acts, practices, and conduct of Defendants, Plaintiff has been substantially injured in its business resulting in lost revenues and profits, and diminished goodwill and reputation.  Additionally, Defendants have and will continue to unfairly acquire income, profits and goodwill from their unlawful conduct as outlined here including but not limited to the use of the Infringing Marks.

49.     By reason of Defendants' acts set forth above, Optima has been severely injured in its business and property.  The injury to Optima is, and continues to be, immediate and irreparable.  An award of monetary damages alone cannot fully compensate Optima for its injuries and Optima lacks an adequate remedy at law.

50.     Unless enjoined by this Court, Defendants will continue to infringe Optima's trademark rights in violation of California law.

51.     Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and confusing the public as to the source of the services offered in connection with the Infringing Marks.  Indeed, Defendants intended to pass of their own services as those of the Optima to unknowing and unwitting consumers. These actions amount to malice, and were in conscious disregard of the rights of Optima and the public. Optima is thus entitled to recover punitive damages from the Defendants in an amount according to proof.

### THIRD CLAIM FOR RELIEF

### (Unfair Business Practices – Cal. Bus & Prof. Code § 17200 *et seq.*)

52.     Optima repeats and re-alleges each and every allegation above as if set forth fully herein.

53.     The Defendants unauthorized use of the Infringing Trademarks in interstate commerce to advertise, promote, market, and offer for sale goods covered

by the Optima Trademarks, as described above, constitutes trademark infringement, passing off, and unfair competition in violation of the laws of the United States and the State of California.

54.     By these actions, Defendants have engaged in unfair competition in violations of the statutory law of the state of California, Cal. Bus. & Prof. Code § 17200, *et seq*.

55.     As a consequence of such unlawful conduct Optima is entitled to injunctive relief pursuant to California, Cal. Bus. & Prof. Code § 17203.  Optima has no adequate remedy at law because the Optima Marks are unique and represent to the public Optima's identity, reputation, and goodwill, such that monetary damages alone cannot fully compensate for Defendants' blatant misconduct.

56.     Unless enjoined by this Court, Defendants will continue to violate Optima's rights.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff Optima Tax Relief requests that:

1. Judgment be entered for Plaintiff Optima Tax Relief on each of its affirmative claims for relief;

2. Defendants, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them be immediately and permanently enjoined from:

(a) Infringing the Optima Marks;

(b) Using the Infringing Marks in competition with Optima;

(c) Doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers, consumers, or investors into the belief that the products or services promoted, offered, or sponsored by Defendants emanate from or originate with Plaintiff Optima or their licensees, or are somehow sponsored, licensed, endorsed, authorized, affiliated, or connected with Plaintiff and/or originate from Plaintiff.

3. For actual damages and an accounting according to proof, but in no event less than $1,000,000.

4. Defendants to be required to pay to plaintiff such damages as plaintiff Optima has sustained in consequence of Defendants' infringement of Optima's trademarks and Defendants' unfair trade practices and unfair competition, and to account for all gains, profits and advantages derived by Defendants through such infringements, trade practices, and unfair competition.

5. For a determination that this case is "exceptional" and that Defendants be ordered to pay the reasonable attorneys' fees and costs incurred by Optima in prosecuting this action pursuant to 15 U.S.C. 1117;

6. Optima be awarded punitive damages, prejudgment, and post-judgment interest as allowed by law; and

7. Optima have such other and further relief in law or equity to which it may be entitled or which the Court deems just and proper.


                                        **SYVERSON, LESOWITZ & GEBELIN LLP**

DATED: May 8, 2018          By: _____
                                        ERIK S. SYVERSON
                                        STEVEN T. GEBELIN
                                        Attorneys for Plaintiff Optima Tax Relief, LLC

1

## DEMAND FOR JURY TRIAL

2          Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal

3    Rules of Civil Procedure and L.R. 38-1.

4

5                                  **SYVERSON, LESOWITZ & GEBELIN LLP**

6    DATED: May 8, 2018          By: _____

7                                        ERIK S. SYVERSON

8                                        STEVEN T. GEBELIN
                                   Attorneys for Plaintiff Optima Tax Relief, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28