**STEVEN T. GEBELIN (SBN 261507)**
steven@syversonlaw.com
**SYVERSON, LESOWITZ & GEBELIN LLP**
8383 Wilshire Blvd., Suite 520
Beverly Hills, CA 90211
Telephone: (310) 341-3072
Facsimile: (310) 341-3070

Attorneys for PLAINTIFF
OPTIMA TAX RELIEF, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| Optima Tax Relief, LLC, a Delaware Limited Liability Company<br><br>Plaintiff,<br><br>vs.<br><br>OPTIMUM WEALTH MANAGEMENT, INC. d.b.a. OPTIMUM TAX LAW, a California Corporation; and DOES 1–10, inclusive<br><br>Defendants. | CASE NO. 8:18-cv-806-JVS_JDE<br><br>*The Hon. James V. Selna*<br><br>**AMEMDED FINAL PRETRIAL CONFERENCE ORDER** |

Following pretrial proceedings, pursuant to F.R.Civ.P. 16 and L.R. 16, **IT IS ORDERED**:

1. The parties are:

    a. Plaintiff Optima Tax Relief, LLC ("Plaintiff" or "Optima"); and

    b. Defendant Optimum Wealth Management, Inc., d.b.a Optimum Tax Law ("Defendant" or "Optimum").

Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are:

    a. Complaint filed May 8, 2018 [Dkt. No. 1];

    b. Answer filed June 20, 2018 [Dkt. No. 13]

2. Federal jurisdiction and venue are invoked upon the grounds:

  a. This is an action for trademark infringement arising under the United States Lanham Act, 15 U.S.C. §1051 *et seq*. This Court has subject matter jurisdiction under the Lanham Act, 15 U.S.C. § 1121 and under 28 U.S.C. §§ 1331 and 1338(a), as well as jurisdiction and under 28 U.S.C. § 1367 for Plaintiff's related state law claims for common law trademark infringement and unfair competition in violation of California Business and Professions Code § 17200, *et seq.*.

  b. Venue is invoked in this District under 28 U.S.C. §§ 1391 and 1400(a) as Defendant conducts business from and in this district.

3. The trial will consist of 3 days of evidence (**8 hours** per side for all direct and cross-examination)s.  This does not include voir dire, opening statements, and closing arguments.

4. The trial is to be a jury trial.   At least seven (7) days prior to the trial date the parties shall file and serve by e-mail, fax, or personal delivery: (a) proposed jury instructions as required by L.R. 51-1 and (b) any special questions requested to be asked on *voir dire*.

5. The following facts are admitted and require no proof: None.

6. The following facts, though stipulated, shall be without prejudice to any evidentiary objection: None.

7. The claims and defenses to be presented at trial are as follows:

<u>Plaintiff:</u>

 (a) Plaintiff plans to pursue the following claims against the following defendants:

    Claim 1: Defendant Optimum infringed on Plaintiff Optima's protected trademarks and falsely designated the origin of services, including by using deceptively similar marks Optima's federally registered marks and other marks owned by Optima,

in violation of 15 U.S.C. § 1125(a).

Claim 2: Defendant Optimum infringed on Plaintiff Optima's trademarks protected under California common law.

Claim 3: Defendant Optimum unfairly competed with Plaintiff Optima through its use of marks confusingly similar to those owned by Plaintiff Optima.

(b) The elements required to establish Plaintiff's claims are:

**First and Second Claim**: By Plaintiff Against Defendants for Trademark Infringement and False Designation of Origin- 15 U.S.C. § 1125(a) and Common Law Trademark Infringement

   (i) ownership of a valid, protectible trademark in its "Optima Tax" and related marks; and

   (ii) Defendant's use of a mark similar to the protected marks without Plaintiff's consent in a manner likely to cause confusion among consumers as to the source, sponsorship, affiliation, or approval of their services.

*See, e.g.* 15 U.S.C. § 1125(a); *Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1039 (N.D. Cal. 2015)

**Third Claim**: Unfair Business Practices – Cal. Bus & Prof. Code § 17200 *et seq*

   (i) Defendant used an unlawful business practice; or

   (ii) Defendant used unfair, deceptive, or misleading advertising

*E.g. Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1043 (9th Cir.2003) (internal quotations omitted)

   (c) **Evidence Supporting Plaintiff's claims**:

   Claims 1 and 2 (Trademark Infringement):

   Plaintiff's U.S. Trademark Registrations including "Optima" (US Registration No 5,619,272), "Optima Tax Relief" (US Registration No 4,391,736) and "Optima Tax Protection Plan (U.S. Registration No. 5,252,231), testimony regarding Plaintiff's establishment of its Optima Tax name and related marks, its substantial

advertising efforts using the Optima Tax name and related marks, copies of Defendant's website, advertisements, and other infringing advertising, and communications from consumers showing a likelihood of confusion caused by Defendant's adoption of the Optimum Tax alias.

<u>Claim 3 (Unfair Competition):</u>

Plaintiff's U.S. Trademark Registrations including "Optima" (US Registration No 5,619,272), "Optima Tax Relief" (US Registration No 4,391,736) and "Optima Tax Protection Plan (U.S. Registration No. 5,252,231), testimony regarding Plaintiff's establishment of its Optima Tax name and related marks, its substantial advertising efforts using the Optima Tax name and related marks, copies of Defendant's website, advertisements, and other infringing advertising, and communications from consumers showing a likelihood of confusion caused by Defendant's adoption of the "Optimum Tax" alias.  This claim will be submitted to the jury for an advisory verdict.

8. In view of the admitted facts and the elements required to establish the claims, the following issues remain to be tried: (1) whether Defendant unlawfully infringed Optima's trademarks; (2) whether Defendant unfairly competed with Optima; (3) Plaintiff Optima's damages.

9. All pre-trial discovery is complete.

10. All disclosures under F.R.Civ.P. 26(a)(3) have been made.

11. The exhibit list of the Plaintiff has been filed under separate cover as required by L.R. 16-6.1.

12. A Witness list of the Plaintiff has been filed with the Court.  Defendant Only the witnesses identified in the Plaintiff's list will be permitted to testify (other than solely for impeachment).  No party intending to present evidence by way of deposition testimony has designated or marked depositions in accordance with L.R. 16-2.7, thus, no depositions will be lodged with the Clerk as required by L.R. 32-1.

13. The following law and motion matters and motions *in limine*, and no

others, are pending or contemplated; None

14. Bifurcation of the following issues for trial is ordered: None.

15. The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the courts of the trial of this cause, unless modified to prevent manifest justice.

DATED: February 06, 2020

_____

Hon. James V. Selna
United States District Judge

Approved as to form and content:

_____
Attorney for Plaintiff

_____
Attorney for Defendant

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28